IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

DAVID GREENFIELD,
an individual,

    Plaintiff,

v.

NISSAN MOTOR ACCEPTANCE CORPORATION,
d/b/a INFINITI FINANCIAL SERVICES,
a foreign profit corporation, and
VITAL RECOVERY SERVICES, INC.,
a foreign profit corporation,

    Defendants.
_____/

Case No :

13- 133100-40

RECEIVED
ST PETERSBURG BRANCH
FEB 11 2013
KEN BURKE
Clerk of the Circuit Court & Comptroller

## COMPLAINT

COMES NOW, Plaintiff, DAVID GREENFIELD (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendant, NISSAN MOTOR ACCEPTANCE CORPORATION, d/b/a INFINITI FINANCIAL SERVICES (hereinafter, "Nissan"), and VITAL RECOVERY SERVICES, INC. (hereinafter, "Vital") (hereinafter, collectively "Defendants") and alleges:

### PRELIMINARY STATEMENT

This is an action for statutory damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692a, *et seq.* (hereinafter, the "FDCPA").

### JURISDICTION, VENUE & PARTIES

1.     This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statute Section 559.77 and 15 U.S.C. Section 1692k(d).

3. At all material times herein, the conduct of the Defendant, complained of below, occurred in Pinellas County, Florida.

4. Plaintiff is a natural person who resides in Pinellas County, Florida.

5. Defendant Nissan is a foreign profit corporation, existing under the laws of the State of California, that itself and through its subsidiaries, regularly extends credit to consumers in Pinellas County, Florida.

6. Defendant Vital is a foreign profit corporation, existing under the laws of the State of Georgia, that itself and through its subsidiaries, regularly collects debts allegedly due another.

## GENERAL ALLEGATIONS

7. At all material times, the Defendant Nisan was a "creditor" as defined by Florida Statute Section 559.55. Specifically, Defendants attempted to collect a consumer automobile lease account referenced by original account number ending in -4721, or new account number ending in -0064 (hereinafter, "the Debt").

8. At all material times, Defendant Vital was a "debt collector" as defined by 15 U.S.C. Section 1692a(6) and Florida Statute Section 559.55(6). Defendant regularly uses interstate mail and places interstate telephone calls while engaging in a business the principal purpose of which is the collection of debts

9. At all material times, the Debt was consumer debt, incurred primarily for personal, household or family use.

10. At all material times, the Defendants' conduct, with regard to the Debt

complained of below, qualifies as "communication" as defined by Florida Statute Section 559.55(5).

11. At all material times, the Defendants were each a "person" subject to Florida Statute Section 559.72 *See* Florida Statute § 559.55 (3); *Schauer v. General Motors Acceptance Corp*, 819 So. 2d 809 (Fla. 4th DCA 2002).

12. At all material times, the Defendants acted itself or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

13. All necessary conditions precedent to the filing of this action occurred or have been waived by the Defendants.

## FACTUAL ALLEGATIONS

14. The Plaintiff retained Leavengood, Nash, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel") on October 11, 2006 with regard to his debts generally, including the Debt.

15. On or about <u>April 10, 2007</u>, Plaintiff filed a Voluntary Petition for Chapter <u>7 bankruptcy protection</u>. Please see attached a true and correct copy of Plaintiff's Chapter 7 bankruptcy docket labeled as Exhibit "A1-A5."

16. On or about April 14, 2007, Defendant Nissan received the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines," (hereinafter, the "Notice") in which Plaintiff is listed in the matrix of creditors. The Notice contains the following language:

> **Creditors May Not Take Certain Actions:**
> In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property . . . If you

attempt to collect a debt or take other action in violation of
the Bankruptcy Code, you may be penalized.

Additionally, the Notice advised that Plaintiff was represented by Undersigned Counsel, and provided Undersigned Counsel's contact information. Please see attached a true and correct copy of the Notice labeled as Exhibit "B1-B4."

17.  On or about July 20, 2007, Plaintiff's debts – including the Debt – were discharged pursuant to his Chapter 7 bankruptcy case and Defendant Nissan was sent notice of said discharge on or about July 22, 2007. *See* Exhibit "A1-A5."

18.  On or before March 21, 2012, despite having received actual knowledge of Plaintiff's Chapter 7 bankruptcy discharge, Defendant Nissan turned the Debt over to its agent, Defendant Vital, in an indirect attempt to collect the Debt. Defendant Nissan provided Defendant Vital with notice of Undersigned Counsel's representation of Plaintiff with regard to the Debt, provided Defendant Vital with notice of Plaintiff's Chapter 7 bankruptcy discharge, and provided Undersigned Counsel's contact information with instruction to keep collecting the Debt.

19.  On or about March 21, 2012, despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt and Plaintiff's Chapter 7 bankruptcy discharge, Defendant Vital sent Plaintiff a collection letter in an attempt to collect the Debt. Said collection letter was an indirect attempt by Defendant Nissan to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "C."

20.  The Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against the Defendants and is obligated to pay his attorneys a reasonable fee for their services.

21. Florida Statute Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent violation and an award of attorneys' fees and costs to the Plaintiff should the Plaintiff prevail in this matter against the Defendants.

22. United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages, punitive damages, and an award of attorneys' fees to Plaintiff should Plaintiff prevail in this matter against Defendant Vital.

23. As of the date of this complaint, Defendants have not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been either obtained by or transferred to Defendant.

### COUNT ONE:
### UNFAIR DEBT COLLECTION PRACTICE – VIOLATION OF FLORIDA STATUTE § 559.72(9)

Plaintiff re-alleges paragraphs one (1) through twenty-three (23) as if fully restated herein and further states as follows:

24. Defendants are subject to, and have violated provisions of, Florida Statute Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or by asserting the existence of some legal right when Defendants knew that such right did not exist.

25. Specifically, despite Defendants having actual knowledge that Plaintiff's debts, which included the Debt, had been discharged in his Chapter 7 bankruptcy case, Defendant Nissan turned the Debt over to Defendant Vital in an indirect attempt to collect the discharged Debt.

26. Additionally, Defendant Vital then, with knowledge that the Debt was discharged, attempted to collect the Discharged Debt.

27.  As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statute Section 559.77.

WHEREFORE, Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

### COUNT TWO:
### UNFAIR DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTE § 559.72(18)

Plaintiff re-alleges paragraphs one (1) through twenty-three (23) as if fully restated herein and further states as follows:

28  Defendants are subject to, and have violated provisions of, Florida Statute Section 559.72(18) by intentionally communicating with Plaintiff after being given actual notice that Plaintiff was represented by counsel with regard to the underlying Debt.

29.  Specifically, despite having actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt, Defendant Nissan directed its agent, Defendant Vital, to send Plaintiff a collection letter in an indirect attempt to collect Debt. *See* Exhibit "C." Defendant Vital did so with knowledge that Plaintiff was represented by Undersigned Counsel regarding the Debt.

30.  As a direct and proximate result of Defendants' actions, the Plaintiff has sustained damages as defined by Florida Statute Section 559.77.

WHEREFORE, the Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT THREE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

Plaintiff re-alleges paragraphs one (1) through twenty-three (23) as if fully restated herein and further states as follows:

31. Defendant Vital is subject to, and has violated the provisions of, 15 U.S.C. Section 1692c(a)(2) by communicating with Plaintiff despite Defendant having actual knowledge that Plaintiff was represented by Undersigned Counsel and knowledge of Undersigned Counsel's contact information.

32. Specifically, on or before March 21, 2012, Defendant Nissan turned the Debt over to Defendant Vital, provided Defendant Vital with notice of Undersigned Counsel's representation of Plaintiff with regard to the Debt, and provided Undersigned Counsel's contact information.

33. Additionally, despite having received knowledge of Undersigned Counsel's representation of Plaintiff regarding the Debt and Undersigned Counsel's contact information, Defendant Vital sent Plaintiff's a collection letter in an attempt to collect the Debt. *See* Exhibit "C"

34. As a direct and proximate result of Defendant Vital's actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendant Vital for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FOUR:
### FAIR DEBT COLLECTION PRACTICES ACT – VIOLATION OF 15 U.S.C. § 1692e(2)(A)

Plaintiff re-alleges paragraphs one (1) through twenty-three (23) as if fully restated herein and further states as follows:

35. Defendant Vital is subject to, and has violated the provisions of, 15 U.S.C. Section 1692e(2)(A) by falsely representing the amount, legal status or character of the Debt.

36. Specifically, despite having received actual knowledge of Plaintiff's Chapter 7 bankruptcy discharge of the Debt, Defendant Vital asserted that the Debt was legitimate, not discharged, and still owed in the amount of $11,198.43. *See* Exhibit "C."

37. As a direct and proximate result of Defendant Vital's actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendant Vital for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FIVE:
### FAIR DEBT COLLECTION PRACTICES ACT – VIOLATION OF 15 U.S.C. § 1692e(5)

Plaintiff re-alleges paragraphs one (1) through twenty-three (23) as if fully restated herein and further states as follows:

38. Defendant Vital is subject to, and has violated the provisions of, 15 U.S.C. Section 1692e(5) by threatening to take an action that cannot be legally taken or that is not intended to be taken.

39. Specifically, despite having received actual knowledge of Plaintiff's

Chapter 7 bankruptcy discharge of the Debt, Defendant Vital continued to unlawfully attempt to collect the discharged Debt and threatened to continue its collection attempts unless Plaintiff paid the discharged Debt

40. As a direct and proximate result of Defendant Vital's actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendant Vital for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

Respectfully Submitted,

LEAVENGOOD & NASH

☒ Ian R. Leavengood, Esq., FBN 10167
☐ Christopher C. Nash, Esq., FBN 135046
☐ Aaron M. Swift, Esq., FBN 93088
3900 First Street North, Suite 100
St Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
*Attorneys for Plaintiff*